ALLEN, PLAINTIFF AND APPELLEE, v. INTERNATIONAL EXPRESS CO., DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in an Action for Damages.

No. 2077.—Decided May 21, 1920.

NEGLIGENCE—PUBLIC SERVICE—DAMAGES.—The owner of a motor vehicle engaged in the business of public transportation is liable for the damages caused by the negligence of the driver, whether or not the owner is in the vehicle when the damage is done.

ID.—ID.—ID.—APPEAL.—The plea that the complaint does not specifically set up the compensation claimed for the different kinds of damages comes too late when made for the first time in the Supreme Court.

The facts are stated in the opinion.

*Mr. Enrique Rincón* for the appellant.

*Mr. Carlos Brunet* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The complaint herein alleged:

"First, that plaintiff Grace D. Allen is of age, unmarried, a resident of Arecibo, P. R., and a school-teacher, and the defendant, the International Express Co. of Porto Rico, is a public-service association, located in Porto Rico with offices in Ponce and San Juan and doing business in the Island under the name of The International Express Co. of Porto Rico; second, that the said defendant, in or about the month of July of the current year, did and is at present doing business in Porto Rico by transporting goods and passengers, for which it receives a compensation; on its daily route between San Juan and Ponce by road No. 1, known as the Military Road, employing in said business and for the said transportation motor vehicles, among which is truck No. H. P. 82 belonging to the defendant company; third, that on July 24 of the current year plaintiff and defendant entered into a contract of transportation whereby the said defendant agreed to transport the plaintiff from the town of Aibonito to Ponce in one of its motor vehicles in consideration of the sum of one dollar, which sum the plaintiff paid to the defendant company, as shown by the transportation ticket No. 7405; that by virtue of said contract plaintiff occupied a seat in truck No. H. P. 82 of the defendant company, designated for service on that day between Aibonito and Ponce and driven by conductor Francisco Colón, badge No. 9379, who was then employed to operate said automobile belonging to the defendant; fourth, that after the heavy vehicle, No. H. P. 82, had left Aibonito, where the plaintiff got on, the driver of the said vehicle stopped on two or three occasions and tried to fix the brakes of said vehicle, as they did not work properly and had not been kept in good condition by the defendant company; fifth, that the employee of the company, Francisco Colón, who on that day operated the freight and passenger truck No. H. P. 82, knowing that the said brakes were not acting well, since several times during the trip he had been obliged to halt to try to fix them, negligently and recklessly and regardless of the welfare and lives of the passengers entrusted to his care, ran the said automobile or heavy motor vehicle H. P. 82 down the dangerous grade known as Asomanta,

between Aibonito and Coamo, which is unsafe by reason of its sharp descent, numerous curves and precipices on both sides; sixth, that after the said truck had been started down the Asomanta declivity on the military road, as a result of the defective conditions of the brakes and the reckless negligence of defendant's employee, Francisco Colón, who was the driver of said car, and in spite of the condition thereof, allowed it to run down the hill, it developed a dangerous and unusual speed, the driver being unable to check the same not-withstanding his efforts, because of the defective condition of the brakes, and in order to halt its course was obliged to run said vehicle H. P. 82 into the ditch on the left side of the road and against the slope thereof near kilometer 87 of Highway No. 1, where the same is high and where there are some trees; seventh, that plaintiff who occupied an end seat on the left of the car, another passenger being seated at her right, was thrown against the talus of the road when the vehicle was ditched, and by reason of the violent contact of the car H. P. 82 with the slope, plaintiff then and there received a serious contusion in her left elbow, destroying the soft tissues and tendons of joint radius ulna humoral; that as a consequence of the wound she received plaintiff also suffered great physical and mental pain, having been compelled to enter the San Lucas hospital, where she is still under treatment, and there undergo an operation, her said arm remaining crippled; that as a result of said accident plaintiff has been unable to assume charge of her English classes in the District of Arecibo school where she had been appointed at a monthly salary of $90 and will be incapacitated from assuming her duties for more than five or six months to come, during the greater part of which time she will be confined to her bed and under medical treatment; eighth, that due to the injury she received as a consequence of the said defendant company and to the manifest reckless-ness of its employee as set forth in the complaint and as a consequence of the acts recited in the seventh allegation thereof, plaintiff has suf-fered grave and material damages in the sum of three thousand dollars.''

Defendant appeals from a judgment for $1,000 based on the following findings:

''As a consequence of the admissions made in the answer and in view of the evidence produced, the court finds that the averments contained in the first, second, third, fourth, fifth and sixth allegation

of the complaint are matters of fact. As to the averments in the seventh allegations of the complaint, the court finds that it was satisfactorily shown that the plaintiff, who was seated at the extreme left of the automobile in which she was traveling, other passengers being seated at her right, was hurled against the talus of the road when the car was run into the conduit and as a result of the contact received a serious contusion on the elbow of her left arm which destroyed the soft tissues and tendons, radius ulna humural, being compelled to undergo a surgical operation at the San Lucas hospital in Ponce, where she was under treatment for about forty days; that, according to Dr. Riera López, plaintiff cannot move her left arm freely and to its full extent. It was also shown that plaintiff, in consequence of said contusion, suffered serious mental and physical damage. It was also satisfactorily proved that plaintiff is a teacher and at the time was a teacher in the high school of Arecibo, P. R., at a salary of ninety dollars a month; that by reason of said accident a reduction of fifty dollars was made from her salary and she spent more than four hundred dollars for hospital expenses, surgical operation and medical fees.''

Appellant insists that:

''1. The court erred in overruling the motion for reconsideration filed by the defendant, appellant, on June 4, 1919.

''2. The court erred, in view of the evidence produced at the trial, in finding that the accident was due to any fault or negligence on the part of the defendant.

''3. The court erred in granting to plaintiff the sum of $1,000 as damages, without adequate specifications or proof thereof.''

Under the first assignment, in support of an alleged failure to state a cause of action, appellant submits two propositions, to wit:

''1. That the meaning and scope of section 17 of the Act to regulate the operation of motor vehicles in Porto Rico, approved April 12, 1916, wholly repealed the provisions of section 1803 in relation to section 1804 of the Civil Code in cases of accidents caused by or due to fault or negligence on the part of drivers of said motor vehicles, for although under said sections of the Civil Code the owners of enterprises are held liable for damages caused by their employees, the new law regulating the operation of said motor vehicles makes

an exception to the general provisions of the code referring to "enterprises," and so it occurs that the law under consideration, namely, the law regulating the operation of motor vehicles in Porto Rico, exempts from all liability the owner of any motor vehicle for damages caused by the negligence of his operator or chauffeur when such owner is not traveling in the vehicle.

"2. That the complaint contains no specific averments as to the various amounts claimed as compensation for damages of different kinds and in the absence of such itemization there is no basis for a judgment."

In *Vélez* v. *Llavina,* 18 P. R. R. 634, the question involved and answered in the negative by a majority of this court is stated at page 637 thus:

"Is the owner of an automobile not engaged in the carrying business but intended for his private use responsible for the fault and negligence of one of his employés acting as *chauffeur?*"

The majority opinion contains the following paragraph:

"The courts are not legislators, and we would be assuming the functions of legislators were we to hold persons liable upon whom the law imposes no liability. If it be convenient and necessary, in view of recent inventions and accidents occasioned by them, that owners of automobiles or other apparatus not intended for public service should also be made responsible for their employés, this is a question for our legislative assembly to take up, and which does not come within our province. Our part is only to apply the law, such as it is, and if through its strict application something that the law has not provided for should be discovered, it may serve as a timely suggestion to legislators."

The dissenting opinion, adverting to this feature of the case, takes the following view:

"To give the statute the construction demanded by counsel for the respondent leads to a result so manifestly unjust that it has been suggested that there is a defect in the law which the legislature should remedy. During the fourteen years since the change of sovereignity in this Island this defect has never before been discovered. It is true that a defect exists and has been in effect since the decision

of this court on yesterday. It is now necessary to correct this fault in the law by legislative action. In my humble judgment a proper construction of the statutes which we already have on our books would have left this entirely unnecessary.''

Section 17 of an Act to regulate the operation of motor vehicles in Porto Rico and for other purposes, approved April 13, 1916, provides ''that the owner of any motor vehicle shall be responsible for damage caused by the negligence of the operator or chauffeur while such owner is in the vehicle.''

Obviously the intention of the Legislature was to cure in a measure the defect indicated in the majority opinion above mentioned, a defect the existence of which, at least after the adoption of such opinion by this court, was conceded even by the dissenting member thereof. The later law, then, merely supplies an omission in the previous legislation as interpreted by this court, or at most extends the scope of the earlier statute so as to include cases held in *Vélez* v. *Llavina* not to have been within the contemplation of the original enactment. That the old law and the new may stand together without the slightest conflict or inconsistency is self-evident and there is no basis whatever for the theory of a repeal by implication.

The answer to the second proposition under the first assignment is found in the fact that defendant did not demand an itemized statement of damages before the trial, nor move to make the complaint more specific, nor in any other way attempt to raise the question in the court below. The objection, therefore, was waived and comes too late when made for the first time on appeal.

A perusal of the complaint involved in *Díaz* v. *San Juan Light & Transit Co.,* 17 P. R. R. 64, in the light of the result obtained in that case, will suffice to show that this court did not intend to hold that the omission of such itemization in

a complaint would be fatal on demurrer for want of facts sufficient to constitute a cause of action. No other authority is cited and the argument is limited to the proposition as stated. We need not, therefore, amplify the discussion of this aspect of the case from any other viewpoint.

The argument under the second and third assignments is addressed entirely to the weight and sufficiency of the evidence. No question is raised as to the doctrine of *res ipsa loquitur* invoked by the court below. In the circumstances, we find no such manifest error on the part of the trial judge in weighing the evidence as to warrant a reversal.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.